# EXHIBIT 1

IN THE COUNTY COURT IN & FOR
PALM BEACH COUNTY, FLORIDA

ALICIA CASEY,  :   CASE NO.
:
      Plaintiff,  :
vs.  :
:
BRUCE LAW FIRM, P.A.,  :
:
      Defendant.  :  **COMPLAINT**
_____/

1. Plaintiff, ALICIA CASEY, through counsel, brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA") against Defendant, BRUCE LAW FIRM, P.A., for owed overtime in violation of the FLSA and for retaliation. Plaintiff's claim for damages exceeds $8,000.00 but is for less than $50,000.00, exclusive of interest, fees and costs.

2. Plaintiff worked for Defendant as a non-exempt employee in the position of Paralegal from 7/08/24 through 12/08/24 who was paid $34.85 per hour ($72,500.00 per annum) by Defendant which translates to an overtime rate of $52.28 per OT hour.

3. Plaintiff is a covered employee for purposes of the FLSA.

4. While employed by Defendant, Defendant failed to pay Plaintiff a total of 322.5 overtime hours (21.5 work weeks x avg. 15 OT hours) x $52.28 = $16,860.30 x 2 (liquidated damages) = $33,720.60.

5. Defendant, which had gross revenues in excess of $500,000.00 during the time that Plaintiff worked for it, is subject to the FLSA and it is within the jurisdiction

1

of this Court and, at all times pertinent to this Complaint, was engaged in interstate commerce.

6. At all times hereafter mentioned, Defendant was engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

## A. VENUE & JURISDICTION

7. This action is brought by Plaintiff to recover from Defendant unpaid overtime, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b). Plaintiff is also alleging that Defendant retaliated against following her complaint for such unpaid overtime.

8. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

9. By reason of her employment with Defendant, Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiff was directly essential to those interstate activities described herein which was directly essential to the business performed by Defendant. Plaintiff, by virtue of her job duties and functions, was engaged in commerce.

10. All conditions precedent (if any) to bringing this action have occurred, have been satisfied, or have otherwise been waived.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST DEFENDANT

11. Plaintiff readopts and realleges all allegations contained in ¶¶ 1-10 above.

12. Plaintiff worked more than forty (40) hours per work week and Defendant did not pay her all of her owed overtime pay.

13. Based on ¶12, Plaintiff is entitled to be paid at the rate of time and one half for all hours worked in excess of forty (40) per workweek for her entire employment with Defendant.

14. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime compensation by its failure to pay Plaintiff for all of her overtime hours in accordance with the FLSA.

15. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff suffered damages plus incurring costs and reasonable attorney's fees. As a result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for payment at the rate of time and one half for all hours worked in excess of forty (40) per workweek

NOT A CERTIFIED COPY

for which she has not been paid, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief including pre-judgment interest.

## COUNT II
## CLAIM OF RETALIATION
## AGAINST DEFENDANT

16. Plaintiff readopts and realleges all allegations contained in ¶¶ 1-10 above.

17. Shortly before Plaintiff was fired on or about 12/08/24, Plaintiff verbally complained to Defendant's management that she was owed overtime pay based on her work hours past forty (40) and not paying her such unpaid overtime hours was in violation of the FLSA.

18. In response to Plaintiff's complaints as provided at ¶19, Defendant fired Plaintiff in violation of 29 U.S.C. § 215(a)(3) of the FLSA and then began a campaign of harassment that included making threats to Plaintiff and Plaintiff's minor child at her home.

19. Defendant showed reckless disregard of the provisions of the FLSA concerning its retaliation against Plaintiff for complaining about not receiving owed overtime pay.

20. By reason of the foregoing acts of Defendant, Plaintiff has suffered damages, and she is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendants for their violation of 29 U.S.C. § 215(a)(3), including all damages allowed by the FLSA for retaliatory acts by employers, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury for Counts I-II.

Respectfully Submitted

/s/ Lawrence J. McGuinness
Fla. Bar No. 814611
MG Legal Group, P.A.
3126 Center Street
Coconut Grove, FL 33133
Tel. (305) 448-9557
Fax. (305) 448-9559
*ljm@ljmpalaw.com*
*scheduling_ljmpa@comcast.net*

*Counsel for Plaintiff*